UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.S.M.,<br><br>Petitioner,<br><br>-against-<br><br>KENNETH GENALO, et al.,<br><br>Respondents. | 26-CV-6822 (LJL)<br><br>ORDER TO ANSWER, 28 U.S.C. § 2241 |

LEWIS J. LIMAN, United States District Judge:

Petitioner has filed a Petition for the writ of *habeas corpus* under 28 U.S.C. § 2241. The Court, having examined the Petition, hereby ORDERS that:

(1) By 5:00 p.m. on August 12, 2026, Respondents shall file a letter with the following information:

a. whether Petitioner was, as the Petition alleges, *see* Dkt. No. 1, ¶ 1, located in the Southern District of New York at the time that the Petition was filed and, if not, what District Petitioner was in at the time of filing and whether the Petition should be immediately transferred to that District, *see, e.g.*, *Öztürk v. Hyde*, 136 F.4th 382, 391-92 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268 (S.D.N.Y. 2025);

b. Petitioner's A-number, current place of detention, and a contact person who can facilitate prospective counsel's access to Petitioner;

c. the statutory provision(s) under which Respondents asserted the authority to arrest Petitioner on June 5, 2026;

d. the statutory provision(s) under which Respondents assert the authority to detain Petitioner;

e. If the asserted basis for Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), why the petition should not be granted in light of the Second Circuit's decision in *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026).

f. a copy of any final order of removal; and

g. any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.

(2) Unless and until the Court orders otherwise, Respondents shall file an answer to the Petition by August 18, 2026; and

(3) Unless and until the Court orders otherwise, Petitioner shall file any reply by August 25, 2026.

The parties shall appear for a telephonic case management conference on August 14, 2026, at 11:00 a.m. Parties are directed to dial into the Court's teleconference number at 646-453-4442, Conference ID# 358639322, and follow the necessary prompts.

To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-1935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). Moreover, in light of Petitioner's interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a *habeas* petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205 (WJM) (STV), 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-7117 (BLF), 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

If this case has been settled or otherwise terminated, the parties are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

Electronic access to the file in this case was limited to the parties and their attorneys under Federal Rule of Civil Procedure 5.2(c). But there is substantial public interest in the Administration's enforcement of the immigration laws. Accordingly, the parties shall show cause **no later than August 18, 2026**, why the restrictions set forth in Rule 5.2(c) should not be lifted and the public should not be permitted electronic access to the file in this case, subject, of course, to the redaction of Petitioner's A-number and other personally identifiable information. In the absence of any timely objection, the Court will instruct the Clerk of Court to permit public access to the electronic file of this case.

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

SO ORDERED.

Dated: August 11, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge